# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 2, 2020

Lyle W. Cayce
Clerk

No. 19-60473
Summary Calendar

Ignacio Ernesto Garcia Junco,

*Petitioner*,

*versus*

William P. Barr, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A215 734 153

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Ignacio Ernesto Garcia Junco, a native and citizen of Cuba, seeks review of the dismissal by the Board of Immigration Appeals (BIA) of his appeal from the immigration judge's (IJ) denial of his applications for asylum, withholding of removal, and protection under the Convention Against

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Torture (CAT).  Garcia Junco argues that the BIA committed legal error by failing to consider the substantial evidence of his past persecution and well-founded fear of future persecution based upon his political opinion, namely his refusal to associate with and endorse the Cuban government.

We review the final decision of the BIA and also consider the IJ's decision where it influenced the determination of the BIA.  *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).  We review the factual findings of the BIA and IJ for substantial evidence, while legal questions are reviewed *de novo*.  *Id*. at 594.  The BIA's factual findings are conclusive under the substantial evidence standard unless the record compels a contrary finding.  *See Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013).

Asylum may be granted to a noncitizen "who is unable or unwilling to return to his home country 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'"  *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992)).  The burden is on the applicant to present "specific, detailed facts" to demonstrate past persecution or a well-founded fear of future persecution. *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012).

Garcia Junco has not established that the findings of the BIA, which presumed him credible despite the IJ's discrediting of him, that he failed to establish past persecution and a well-founded fear of future persecution based upon his political opinion were not supported by substantial evidence, *see Zhu*, 493 F.3d at 593, or that the evidence compels the conclusion that he suffered past persecution or that his fear of future persecution is objectively reasonable, *see Sharma*, 729 F.3d at 411; *Orellana-Monson*, 685 F.3d at 518; *Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994).  By his own admission, Garcia Junco is not in a political organization.  Furthermore, substantial

evidence supports the BIA's determination that Garcia Junco did not have a well-founded fear of future persecution. *See Zhu*, 493 F.3d at 593. Garcia Junco testified that he worked, owned a company, and traveled outside of Cuba in the ten-year period between his refusal to volunteer for the military and his subsequent interactions with the police. Because Garcia Junco did not establish eligibility for asylum, he necessarily has not established eligibility for withholding of removal. *See Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006).

To the extent Garcia Junco is challenging the denial of CAT protection, he has abandoned that claim by failing to adequately brief it. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (per curiam).

The petition for review is DENIED.